IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL CAMPBELL FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-115-GKF-TLW |
| | ) | |
| CITY OF TULSA; | ) | |
| CHARLES W. JORDAN, individually and in his | ) | |
| official capacity as Chief of Police, Tulsa Police | ) | |
| Department; | ) | |
| DARYL WEBSTER, individually and in his | ) | |
| official capacity as Deputy Chief of Police, | ) | |
| Tulsa Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court upon plaintiff Paul Campbell Fields' Motion for Leave to File Second Amended Complaint (Dkt. #17). Fields seeks leave to amend his complaint to add 1) a claim under the Free Speech Clause of the First Amendment, and 2) a claim under the Oklahoma Religious Freedom Act. The defendants argue Fields' proposed amendment to add two additional claims would be futile.

This suit arises out of a dispute between Officer Fields and the Tulsa Police Department. Fields was instructed to have officers under his command attend a "Law Enforcement Appreciation Day" being hosted by the Islamic Society of Tulsa at a local mosque. Officer Fields refused to attend the event, and refused to require his subordinates to attend. Officer Fields was subject to discipline as a result.

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Nonetheless, leave to amend may be denied when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The district court [is] clearly justified in denying the motion to amend if the proposed amendment [cannot withstand] a motion to dismiss or otherwise fail[s] to state a claim." *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, the plaintiff must merely "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

### I. Proposed Free Speech Claim

"When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom," including limitations on his freedom of speech. *Garcetti v. Ceballos*, 547 U.S. 410, 418-19 (2006). The Tenth Circuit has adopted the *Garcetti/Pickering* analysis to determine when a government employee's speech is protected by the First Amendment:

> "First, the court must determine whether the employee speaks 'pursuant to [his] official duties.' If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech 'simply reflects the exercise of employer control over what the employer itself has commissioned or created.' Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern. If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends. Third, if the employee speaks as a citizen on a matter of public concern, the court must determine 'whether the employee's interest in commenting on the issue outweighs the interest of the state as employer.' Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a 'substantial factor or a motivating factor in [a] detrimental employment decision.' Finally, if the employee establishes that his speech was such a factor, 'the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech.' The first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact."

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202-03 (10th Cir. 2007) (internal citations omitted).

With regard to the first factor, the defendants argue that Fields' speech "(a) refusing to mandate that 'representatives' of the Tulsa Police from his command attend a 'Law Enforcement Appreciation Day' on the grounds that it was an 'Islamic Event' and (b) criticizing the Tulsa Police for the same," was speech pursuant to Fields' official duties. (Dkt. #19, p.5-6). Fields does not dispute that his conduct in refusing to mandate attendance at the Law Enforcement Appreciation Day, and his internal communications within the Tulsa Police Department were speech within the scope of his official duties.[1] Nonetheless, Fields argues that filing this lawsuit was protected speech outside the scope of his official duties and that the defendants retaliated against him for filing the lawsuit. (Dkt. #22, p.4 ("the only 'public' speech of Plaintiff that 'criticiz[ed] the Tulsa Police' (and properly brought 'discredit upon the department') was speech associated with this civil rights lawsuit.")); Proposed Second Amended Complaint, Dkt. #17-1, p.18 ("Defendants punished Plaintiff and retaliated against him because he filed this civil rights lawsuit . . . in violation of Plaintiff's right to freedom of speech.")). The defendants do not argue that filing this lawsuit was within the scope of Fields' official duties. Therefore, the speech Fields claims is protected—the filing of this lawsuit—was outside Fields' official duties.

With regard to the second factor, "a public employee plaintiff who has [filed a lawsuit] is in no better position than one who has merely exercised free speech" because such a claim still "must meet the 'public concern' test." *Martin v. City of Del City*, 179 F.3d 882, 889 (10th Cir. 1999). "In these cases, we construe 'public concern' very narrowly, limiting first amendment

---

[1] The Proposed Second Amended Complaint suggests that Fields' communications prior to the lawsuit were within his official duties: "any 'writings' that were internal communications or made pursuant to any of Plaintiff's official duties became public as a result of an Oklahoma Open Records Act request submitted by a third party." (Dkt. #17-1, p.15-16, ¶68).

protection to statements made by public employees which '*sufficiently inform [an] issue*' of public concern." *Flanagan v. Munger*, 890 F.2d 1557, 1563 (10th Cir. 1989) (emphasis in original). "[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Lancaster v. Ind. School Dist. No. 5*, 149 F.3d 1228, 1233 (10th Cir. 1998) (quoting *Connick v. Myers*, 461 U.S. 138, 147 (1983)). Typically, the speech of whistleblowers reflects a public concern because "any evidence of corruption, impropriety, or other malfeasance on the part of [public] officials, in terms of content, clearly concerns matters of public import." *Prager v. LaFaver*, 180 F.3d 1185, 1190 (10th Cir. 1999) (citations omitted). "In contrast, we have held that the following are not matters of public concern: speech regarding grievances about internal departmental affairs, *Hom v. Squire*, 81 F.3d 969, 974 (10th Cir.1996), disputes over the term of employment, *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1233-34 (10th Cir.1998), and workplace frustration, *McEvoy v. Shoemaker*, 882 F.2d 463, 466 (10th Cir.1989)." *Brammer-Hoelter*, 492 F.3d at 1205.

Fields alleges only an employment dispute that resulted from an alleged violation of his own personal rights; not any corruption, impropriety, or malfeasance on the part of officials in the Tulsa Police Department. Merely bringing the alleged violation of his personal rights to public attention through filing a lawsuit does not make it a matter of public concern; if that were so then every employment suit would be a public concern. Fields has offered no case law for the proposition that filing a lawsuit turns a dispute over the violation of personal rights into a public

concern that implicates the First Amendment.[2]  Field's proposed First Amendment claim arose from his attempt to vindicate his personal rights in this lawsuit.  As such, the speech reflects grievances about internal departmental affairs and the terms of his employment, which are not matters of public concern.  Therefore, Fields may not amend his complaint to add a claim for violation of the First Amendment because it would be futile.[3]

## II.  Proposed Oklahoma Religious Freedom Act Claim

Under the Oklahoma Religious Freedom Act ("ORFA"), "no governmental entity shall substantially burden a person's free exercise of religion" unless that burden passes strict scrutiny. 51 Okla. Stat. § 253.  The ORFA defines "substantially burden" as "to inhibit or curtail religiously motivated practice." 51 Okla. Stat. § 252.[4]  The Oklahoma Court of Civil Appeals addressed a claim brought under the ORFA in *Steele v. Guilfoyle*, 76 P.3d 99 (Okla. Civ. App. 2003).[5]  The court found no substantial burden when an incarcerated Muslim plaintiff was forced to share a cell with a non-Muslim.  The Muslim plaintiff "complained his cellmate eats pork and has photographs of beings with souls hanging in their cell.  This, Plaintiff contended, defiles his cell and prevents angels from entering" *Id.* at 100.  Despite the plaintiff's objections to spending time in a cell with someone whose religious beliefs he did not share, the court found

---

[2] Fields offers one case for the proposition that a violation of his rights is a matter of public concern.  The case addresses the constitutionality of Ohio's Charitable Solicitation Act. *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474 (6th Cir. 1995).  *Dayton* mentions the public interest only in the context of weighing the public interest to determine whether a preliminary injunction is warranted.  The case says nothing about whether a lawsuit challenging the violation of an individual's rights is a matter of public concern.

[3] Defendants also argue that the First Amendment claim is futile because it does not plead any specific retaliatory actions.  However, the proposed complaint clearly enumerates a number of specific acts of retaliation including suspension and ineligibility for promotion. (Proposed Second Amended Complaint, Dkt. #17-1, p.15, ¶67).

[4] Plaintiff cites a number of Free Exercise cases which are irrelevant to this inquiry because they do not use the "substantial burden" test of the ORFA.

[5] In Oklahoma, decisions of the Court of Civil Appeals are not precedential unless released for publication by the Oklahoma Supreme Court.  *Steele* was released for publication only by the Court of Civil Appeals and thus has persuasive effect only.

"Defendant's actions in no way prohibit Plaintiff from practicing his religion, [and] praying or meeting with fellow Muslims." *Id.* at 100-01.

Fields argues his religious beliefs were substantially burdened because the defendants punished him for refusing "to engage in conduct that was contrary to his religious beliefs (*i.e.*, attending the place of worship of another religion and being subjected to proselytizing by that religion)." (Dkt. #22, p.10). However, nothing in Fields' proposed Second Amended Complaint suggests that Defendants' actions in any way inhibited or curtailed Fields from practicing his religion. First, the order directing Fields to attend the event did not inhibit or curtail Fields' religiously motivated practice. Exhibit 1 to Fields' Proposed Second Amended Complaint is a flyer inviting "All Tulsa Law Enforcement to LAW ENFORCEMENT APPRECIATION DAY." It invites law enforcement to a "Casual Come & Go Atmosphere" from 11:00am-5:30pm to "[c]ome enjoy a Buffet of American & Ethnic Foods," to take a Mosque Tour "15 minutes or an hour- it's up to you!", to "[w]atch the 2-2:45pm weekly congregational prayer service," and "[m]eet Local Muslims & Leadership." It also contains the following statement: "Presentations upon request: beliefs, human rights, women[.]  All questions welcome!"  Although Fields alleges that officers who attended the event were subjected to proselytizing, nowhere does he allege that such presentations were mandatory or that any such presentations would have inhibited or curtailed Fields from practicing his sincerely held religious beliefs.

Second, the adverse employment actions alleged in the Proposed Second Amended Complaint cannot be said to have violated Fields' rights under the ORFA. The ORFA protects Oklahomans from government action inhibiting or curtailing religiously motivated practice. It does not provide a police officer a claim against his employing city for requiring him to attend a Law Enforcement Appreciation Day hosted by a faith other than his own or for disciplining him

for his refusal to do so. Fields' claims under the Establishment Clause and the Free Exercise Clause remain.

WHEREFORE, the Motion for Leave to File Second Amended Complaint (Dkt. #17) is denied.

DATED this 28th day of November, 2011.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma